IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KARIN HAZEL,<br><br>               Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>               Defendant. | Case No. 2:16-cv-1096<br><br>Judge Graham<br><br>Magistrate Judge Kemp |

## OPINION & ORDER

This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss. (Doc. 8). Because Plaintiff Karen Hazel's claims are precluded by res judicata and the *Rooker-Feldman* doctrine, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.    Background**

Plaintiff Karin Hazel, proceeding pro se, filed a Complaint and Motion for Emergency Restraining Order against Wells Fargo Bank, N.A. ("Wells Fargo"), requesting the Court enjoin a foreclosure sale of her residence scheduled to occur on December 2, 2016. The Court denied Hazel's Motion for Emergency Restraining Order. (Doc. 14). The Court found, amongst other things, that Hazel did not show a strong likelihood of success on the merits of her claims. Now, Wells Fargo moves to dismiss Hazel's claims.

The Court has already elucidated the relevant factual history in this case:

Hazel alleges that she purchased a home through a loan secured by a mortgage on the property. (Compl. at 2, Doc. 5). Hazel failed to pay on that mortgage, and on July 6, 2010, Wells Fargo filed a foreclosure complaint. (*Id.*). Hazel alleges that Wells Fargo failed to comply with certain regulations of federally insured mortgages, specifically, regulations from the U.S. Department of Housing and Urban Development ("HUD") that (1) the mortgagee provide to the mortgagor a notice of default and acceleration, 24 C.F.R. § 201.50(b), and that (2) in most cases, a mortgagee attempt to meet face-to-face with a delinquent mortgagor before filing a foreclosure complaint, 24 C.F.R. § 203.604.

1

> But Hazel didn't make these arguments in the state-court foreclosure action. Here's the procedural history of the foreclosure action. The trial court granted summary judgment to Wells Fargo and ordered a foreclosure sale. (Def.'s Ex. C to Mot. to Dismiss, Doc. 8-3). Hazel then filed a "Motion to Vacate Judgment and/or Relief from Judgment Pursuant to Civ. R 60," arguing that she had meritorious arguments that she did not have the opportunity to present to the trial court. (Def.'s Ex. D-1, Doc. 8-4). A Magistrate entered a Decision and Entry granting Hazel's motion to set aside the judgment against her. (Def.'s Ex. E-1, Doc. 8-6). Wells Fargo objected to the Magistrate's decision, but the state-court Judge adopted the Magistrate's report, overruling Wells Fargo's objections. (Def.'s Ex. E-2 at 3, Doc. 8-7). The Ohio Tenth District Court of Appeals reversed the judgment adopting the Magistrate's decision and remanded the case to the trial court. (Def.'s Ex. F at 2, Doc. 8-8). On remand, the Tenth District directed the trial court to consider whether Hazel complied with Ohio Civil Rule 9(C), (*Id.*), which says, "(C) Conditions precedent[:] In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity," Ohio Civ. R. 9(C).
>
> On remand, the trial court held that Hazel "did not specifically controvert the plaintiff's claim that it had complied with all the conditions precedent to foreclosure." (Def.'s Ex. F at 4). Specifically, Wells Fargo, in its foreclosure complaint, alleged that it did comply with all the conditions precedent to foreclosure, but Hazel, in her Answer, only asserted a general denial. Therefore, the trial court held, "[s]ince Hazel's answer was insufficient to put the plaintiff's compliance with the HUD regulations at issue in the case, the Court finds that she has not established that she has a meritorious defense to present if relief is granted." (*Id.* at 5). The trial court denied Hazel's motion for relief from judgment. (*Id.*). Hazel appealed that decision, but the Tenth District affirmed the decision of the trial court, *Wells Fargo Bank, N.A. v. Hazel*, 2016-Ohio-305, ¶ 9 (10th Dist., January 28, 2016), and the Ohio Supreme Court declined jurisdiction, *Wells Fargo Bank, N.A. v. Hazel*, 146 Ohio St. 3d 1415, 2016-Ohio-3390, 51 N.E.3d 660 (table decision).
>
> Then, Hazel filed this action in federal court. Hazel asserts three causes of action in her complaint: (I) breach of contract, (II) preliminary and permanent injunction, and (III) injunctive relief. (Compl. at 8–12). In Count I, Hazel alleges that Wells Fargo and Hazel "agreed, as a term of the Mortgage, that Wells Fargo would comply with all applicable HUD mortgage servicing regulations before initiating any foreclosure proceedings or taking any other action against Plaintiff. Therefore, Defendant Wells Fargo has materially breached its agreement with Plaintiff Hazel." (*Id.* at 9). In Counts II and III, Hazel seeks an injunction preventing the foreclosure sale of her home, arguing that Wells Fargo has no legal right to do so. (*Id.* at 9–12).

(Op. & Order Denying Mot. for TRO at 1–3, Doc. 14).

## II. Legal Standard

Wells Fargo styles their motion as one brought under Rule 12(b)(6), but because Wells Fargo also argues that this Court lacks subject-matter jurisdiction over two of Hazel's claims, the Court will consider Rule 12(b)(1) as well. *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (analyzing *Rooker-Feldman* doctrine under Rule 12(b)(1)); *see also In re Kapla*, 485 B.R. 136, 143 n.1 (Bankr. E.D. Mich. 2012) ("Although the Defendants' motion to dismiss is brought under Fed.R.Civ.P. 12(b)(6) . . . the Defendants' *Rooker-Feldman* argument is more properly considered under Fed.R.Civ.P. 12(b)(1) . . . .").

Federal Rule of Civil Procedure 12 permits a party to assert by motion the defenses of a lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (6). Plaintiffs bear the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

To survive a 12(b)(6) motion, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be plausible on its face, the claim to relief must be premised on a "viable legal theory." *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 779 (6th Cir. 2000) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). And while typically courts may only look at the pleadings when analyzing a 12(b)(6) motion, courts can take judicial notice of proceedings in other courts and even material attached to the pleadings or to a "defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to dismiss into a motion for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)); *see also Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010).

## III. Discussion

Hazel presents three claims in her Complaint, and all three fail. Count One is barred by the doctrine of res judicata, and Counts Two and Three are barred by the *Rooker-Feldman* doctrine.

In Count One, Hazel alleges that Wells Fargo breached a contract—the mortgage—when it failed to comply with applicable HUD mortgage-servicing regulations, specifically, the HUD requirement that mortgage servicers comply with various conditions before foreclosing on the property. Hazel alleges that the HUD regulations were incorporated into the mortgage; therefore, Wells Fargo's failure to follow the HUD regulations is not merely a violation of those regulations; it's a breach of contract.

Wells Fargo argues that Count One is barred by res judicata because the breach-of-contract claim should have been brought as a compulsory counterclaim in the state-court foreclosure action.

To begin, the Court applies Ohio law to "determine the preclusive effect of the prior state court judgment" because the judgment in question was rendered by an Ohio court. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). "Under Ohio law, the doctrine of res judicata consists of 'the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel.'" *Doe ex rel. Doe v. Jackson Local Schs. Sch. Dist.*, 422 F. App'x 497, 500 (6th Cir. 2011) (quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 862 N.E.2d 803, 806 (2007)). Wells Fargo argues that claim preclusion bars Hazel's breach-of-contract claim.

> Claim preclusion has four elements: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action."

*Id.* at 501 (quoting *Hapgood*, 127 F.3d at 493 (applying Ohio law)).

All the elements of claim preclusion are met, and elements one, two, and four are obviously satisfied. One: the Ohio trial court issued a judgment in favor of Wells Fargo in the foreclosure action; the judgment was affirmed on appeal; it is a final, valid decision on the merits. Two: this is the second action and it involves the same parties as the first action. Four: this second action arises out of the foreclosure on Karen Hazel's residence—the same transaction or occurrence that was the subject matter of the foreclosure action.

Three: Hazel's breach-of-contract claim was not but could have been litigated in the first action. In the foreclosure action, Wells Fargo alleged that it complied with the applicable HUD regulations, Hazel failed to specifically controvert those allegations in her answer to the foreclosure complaint, and this was fatal to her motion for relief from judgment. In refusing to consider

4

Hazel's untimely-raised defense, the Court held that, "Hazel's answer was insufficient to put the plaintiff's compliance with the HUD regulations at issue in the case, the Court finds that she has not established that she has a meritorious defense to present if relief is granted." (Def.'s Ex. F at 5, Doc. 8-8). The fact that Hazel brings the failure-to-follow-HUD-regulations claim as a breach of contract claim rather than as a defense to a foreclosure action means little. Her claim could have and should have been brought in the foreclosure action. The Ohio Rules of Civil Procedure required Hazel to "state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Ohio Civ. R. 13 (A) (Compulsory counterclaims). Wells Fargo correctly observes that Hazel's purported breach-of-contract claim accrued the moment Wells Fargo filed the foreclosure action. Hazel had the claim against Wells Fargo when she served her Answer and didn't include it, and the claim arose out of the foreclosure. Hazel's claim, even if construed as a breach-of-contract claim, could have been litigated in the state-court foreclosure action.

Since all the elements of claim preclusion are present here, the Court will dismiss Count One of Hazel's Complaint.

The *Rooker-Feldman* doctrine prohibits the Court from entertaining what is left of Counts Two and Three after the Court denied Hazel a TRO. "[T]he *Rooker–Feldman* doctrine . . . prevents federal courts from exercising jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Alexander v. Rosen*, 804 F.3d 1203, 1206 (6th Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Counts Two and Three of Hazel's Complaint chiefly ask the Court to enjoin—through a TRO, a preliminary injunction, and a permanent injunction—Wells Fargo's foreclosure judgment in light of Wells Fargo's purported failure to follow applicable HUD regulations. (*See* Def.'s Ex. F, Doc. 8-8) (state-court order denying Hazel's Motion for Relief from Judgment). Hazel's Complaint invites this federal court to review and reject the state-court judgment in favor of Wells Fargo, an action the *Rooker-Feldman* doctrine prohibits. Therefore, since the Court lacks subject-matter jurisdiction over Counts Two and Three, the Court will dismiss those counts.

The *Rooker-Feldman* doctrine and the doctrine of res judicata bar Hazel's claims. Therefore, Wells Fargo's Motion to Dismiss is granted.

**IV.    Conclusion**

Wells Fargo's Motion to Dismiss is **GRANTED**. (Doc. 8). The clerk is directed to enter judgment for Defendant.

Hazel's Motion to Obtain Electronic Filing is **DENIED** as moot. (Doc. 3).

IT IS SO ORDERED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: June 5, 2017